UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                          Case No. 09-10304

Terri Thomas,                                                     Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER

    This is a student loan case. The United States ("the Government") obtained a default judgment in the amount of $3,454.19 against Defendant Terri Thomas ("Thomas") on March 4, 2009, after she failed to answer or appear in this action. The Government then sought to garnish Thomas's wages to collect on the judgment. When Thomas's current employer filed an answer to a writ of garnishment, indicating that Thomas's wages could be garnished, Thomas filed *pro se* "objections" to the garnishment. At a hearing held on June 8, 2009, Thomas appeared with Counsel and asserted that the Court should set aside the default judgment in this case. Thomas then filed a formal motion, indicating that she was withdrawing her objections to the garnishment and, instead, seeking to set aside the default judgment. The matter is now before the Court on Thomas's Motion to Set Aside Default Judgment. For the reasons below, the Court shall DENY the motion and allow the garnishment to proceed.

BACKGROUND

    On January 27, 2009, the United States ("the Government") filed this action seeking a judgment against Thomas for an unpaid student loan. Attached to the Complaint are: 1) copies

1

of two promissory notes signed by Thomas; and 2) a Certificate of Indebtedness. (Docket Entry No. 1).

After Thomas failed to answer or appear in this action, on March 4, 2009, a Clerk's Entry of Default was issued. (Docket Entry No. 6). On that same date, March 4, 2009, the Clerk of the Court issued a "Clerk's Entry of Judgment by Default" in this action (Docket Entry No. 7).

Thereafter, the Government requested issuance of writs of garnishment, in order to collect on the judgment. On March 30, 2009, writs of continuing garnishment were issued as to Thomas and garnishees St. John Health System ("St. John") and the Michigan Department of Treasury. (Docket Entry Nos. 14 & 15).

The Government applied for the writ of garnishment at issue in this case under 28 U.S.C. § 3205(b)(1), seeking to garnish Thomas's wages in order to collect her judgment debt of $3,454.19. (Docket Entry No. 9). The Clerk of the Court issued the "Writ of Continuing Garnishment" to St. John on March 30, 2009.

On April 13, 2009, St. John filed an "Answer of the Garnishee" (Docket Entry No. 13), wherein St. John states that Thomas is currently employed by it and paid bi-weekly. St. John also stated the amount of net wages Thomas earns, and calculated that 25% of her disposable earnings would be $345.59. St. John, Thomas's current employer, sent a copy of the Answer of the Garnishee to Thomas at 8042 Manila Detroit, MI 48214.

After receiving that Answer, on April 16, 2009, Thomas filed "Defendant's Request for Hearing About the Garnishment and Claim for Exemptions." (Docket Entry No. 16). That document states:

> I believe that my property should not be garnished for the following reasons:
> Because I Terri Thomas did not request for a loan. I'm requesting a Hearing [?]

within 5-10 days please.

(*Id*.). The document states, "My claim for exemption(s) is attached." The attached sheet is handwritten and states:

> I attended programs which require payment by Pell-grant and or loans, I did not request for loans and do not remember authorizing for student loan to be taken out. I feel am being wrongfully garnished of my wages.

(*Id*. at 2).

On June 8, 2009, Thomas appeared before the Court and was represented by Counsel. Counsel advised that Thomas wished to file a Motion to Set Aside Default Judgment. Thomas filed that motion on April 13, 2009. In that submission, Thomas further indicated that she was withdrawing her "objections" to the garnishment. (Docket Entry No. 22 at 6). Thus, the only issue before the Court is whether the Court should set aside the default judgment against Thomas.

Plaintiff filed a response in opposition to Thomas's Motion to Set Aside Default Judgment. Thomas did not file a reply brief and the time for doing so has passed.

## ANALYSIS

Federal Rule of Civil Procedure 55(c) provides that the "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(c);
> (3) fraud (whether previously called intrinsic or extrinsic),

>   misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Thus, "[u]nder the rule, a stricter standard applies for setting aside a default once it has ripened into a judgment." *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). "When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district enjoys considerable latitude under the 'good cause shown' standard." However, where a default judgment has been entered, "the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry." *Id*. "That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice should be relief be granted." *Id.*

Here, Thomas's motion does not assert that the default judgment was the product of mistake, inadvertence, surprise or excusable neglect. The Court notes, however, that like the Defendants in *Waifersong*, Thomas claims that she was not served in this action. Specifically, Thomas asserts that "Rule 4(E)(2)(b) states that proper service can be effectuated by leaving a copy of relevant documents at the individual's dwelling or usual place of abode. The address used in an attempt for service, was not Defendant's dwelling or usual place of abode." (Def.'s Motion at ¶¶ 3 & 4). To support that assertion, Thomas submits an affidavit wherein she claims

that she has not lived at the 8042 Manilla address in Detroit "for over 20 years."

Like the situation in *Waifersong*, however, the Court discredits Thomas's assertion. Although Thomas claims that she has not lived at the Manilla address for "over 20 years," Plaintiff's counsel has submitted multiple public records that show to the contrary. For example, Thomas listed the Manilla address as her address on her *current* Michigan driver's license. (Ex. I to Pl.'s Response.). In addition, Thomas renewed her vehicle registration on January 2, 2009 -- just a few weeks before service of the complaint in this action -- listing the Manilla address as her *current* address.

After reviewing the evidence presented by the parties, this Court concludes that Thomas has not established that the default judgment in this action was the product of mistake, inadvertence, surprise or excusable neglect. Accordingly, the Court shall deny Thomas's Motion to Set Aside Default Judgment.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Thomas's objections to the garnishment are hereby WITHDRAWN.

IT IS FURTHER ORDERED that Thomas's Motion to Set Aside Default Judgment is DENIED.

IT IS SO ORDERED.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: September 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2009, by electronic and/or ordinary mail.

                              S/Jennifer Hernandez
                              Case Manager